IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00677-BNB

BENJAMIN ANDERSON,

Applicant,

v.

STEVE HARTLEY, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 1 0 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DRAWING CASE

---

Applicant, Benjamin Anderson, is a prisoner in the custody of the Colorado Department of Corrections and is currently incarcerated at the Arkansas Valley Correctional Facility. Mr. Anderson initiated this action by submitting to the Court a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Mr. Anderson is challenging the validity of his conviction and sentence in Case No. 06CR325 in the Denver County District Court.

In an order filed on March 26, 2010, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses. Respondents submitted a Pre-Answer Response on April 8, 2010. Mr. Anderson has not filed a Reply.

The Court must construe liberally the Application filed by Mr. Anderson because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will order the Application drawn to a district judge and a magistrate judge.

On June 20, 2007, Mr. Anderson pled guilty to one count of first degree sexual assault and one count of second degree kidnapping. Pre-Answer Resp. Ex. A at p. 6 (State Court Register of Action). On September 10, 2007, the trial court sentenced Mr. Anderson to forty-eight years in the Department of Corrections ("DOC") on the sexual assault charge and thirty-two years on the kidnapping charge, to be served consecutively. *Id.* at 7. Mr. Anderson did not file a direct appeal.

On January 7, 2008, Mr. Anderson filed a motion for sentence reconsideration pursuant to Colo. R. Crim. P. 35(b). *Id.* at 8. The trial court denied the motion on March 11, 2008. *Id.* Mr. Anderson did not file an appeal.

Mr. Anderson filed a motion for post-conviction relief pursuant to Colo. R. Crim. P. 35(a) on August 7, 2008. *Id.* The trial court denied the motion on November 18, 2008. *Id.* Mr. Anderson filed an appeal to the Colorado Court of Appeals ("CCA"), and on January 28, 2010, the CCA affirmed the trial court, but remanded the case to the trial court for entry of an amended mittimus indicating that Mr. Anderson is subject to discretionary parole. *See People v. Anderson*, No. 08CA2250 (Colo. App. Jan. 28, 2010) (unpublished opinion). Mr. Anderson did not file a petition for certiorari review

with the Colorado Supreme Court ("CSC"), and the mandate issued on March 30, 2010. Pre-Answer Resp. at Ex. E.

Mr. Anderson then submitted an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, which was received for filing by the Court on March 17, 2010. In the Application, Mr. Anderson asserts two claims: (1) that the trial judge violated his due process rights by imposing an aggravated range sentence; and (2) that his convictions for kidnapping and sexual assault violate his constitutional protection against double jeopardy because the charges were not merged.

Respondents concede, and the Court agrees, that the Application is timely under 28 U.S.C. § 2244(d). However, Respondents assert that the two claims are unexhausted and procedurally barred because Mr. Anderson failed to raise the claims in a petition for writ of certiorari in the CSC. The Court does not agree that Mr. Anderson's failure to raise his claims in the CSC after they were presented fairly to the CCA means these claims are unexhausted.

In order to exhaust state remedies, a claim must be presented to the state's highest court if review in that court is available. *See O'Sullivan*, 526 U.S. at 845. However, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available." *Id.* at 847-48. Therefore, if a state articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies. *See id.*

The State of Colorado has articulated that review in the CSC is not part of the standard state appellate review process. More specifically, the Colorado Appellate Rules provide that:

> In all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1. Therefore, the Court finds that review in the CSC is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the CCA. Here, Respondents concede, and the Court finds, that both of Mr. Anderson's claims were presented fairly to, and relief was denied by, the CCA. Pre-Answer Resp. at 4-5.

Furthermore, the Court's conclusion is supported by the fact that four circuit courts have determined that state rules similar to Colo. App. R. 51.1 eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-03 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 404-05 (8th Cir. 2002); *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999). Therefore, the Court rejects Respondents' argument that Applicant failed to exhaust his claims because they were not raised in the CSC in a petition for writ of certiorari after the claims were presented fairly to and rejected by the CCA. Accordingly, having decided

that the Application is timely and that Applicant's claims are exhausted, the Court will order the Application drawn to a district judge and a magistrate judge.

Therefore, upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that this case does not appear to be appropriate for summary dismissal. As such, the case will be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this  10th   day of  May , 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00677-BNB

Benjamin Anderson
Prisoner No. 86443
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

Rebecca A. Adams
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/10/10

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk