IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita Leeson Weinshienk

Civil Action No. 10-cv-00677-ZLW-BNB

BENJAMIN ANDERSON,

    Applicant,

v.

STEVE HARTLEY, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

## ORDER

---

The matter before the Court is Applicant's March 26, 2010, Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  (Doc. No. 3).  The Application has been briefed and oral argument would not assist the Court in its adjudication.

## I. BACKGROUND

On June 20, 2007, Applicant pleaded guilty in Denver District Court, Case No. 06CR3245, to first degree sexual assault resulting in serious bodily injury, and kidnapping of a sexual assault and robbery victim.  Colo. Rev. Stat. §§ 18-3-302(1), (3)(a), (b), 18-3-402(1)(b), 5(a)(II).[1]  Applicant was sentenced to 48 years incarceration in the Colorado Department of Corrections (DOC) on the sexual assault charge and 32 years incarceration in the DOC on the kidnapping charge, with the sentences to be

---

[1] Rec. 000179-000182, 000187-000194.

served consecutively.[2]  On January 7, 2008, Applicant filed a Colo. R. Crim. P. 35(b) Motion For Reconsideration Of Sentence in the state trial court.[3]  The motion was denied on March 11, 2008.[4]

On August 7, 2008, Applicant filed a Colo. R. Crim. P. 35(a) Motion To Correct An Illegal Sentence, arguing that under People v. Vela,[5] the trial court was required to, but failed to, place on the record its findings as to the aggravating circumstances of the crimes that justified varying from the presumptive sentencing range.  Applicant also argued that because his two convictions were based on the same evidence, they must merge, and thus he should have been sentenced concurrently, not consecutively.  The trial court denied the Rule 35(a) motion, distinguishing Vela and noting that under Colo. Rev. Stat. § 18-1.3-401(6) aggravating circumstances may be based on evidence in the record of the sentencing hearing and the pre-sentence report.  The trial court stated that under Colo. Rev. Stat. § 18-1.3-401(8)(f), the court may consider aggravating circumstances such as serious bodily injury caused to the victim, and whether or not the crime was a crime of violence.  The trial court continued,

> In the present case, Defendant kidnapped the victim, assaulted her so brutally that she was permanently paralyzed, raped her and left her, paralyzed, stranded on rail road tracks.  The People and the Defendant agreed that the

---

[2] Doc. No. 7-1at 7 of 9.

[3] Rec. 000212-000214.

[4] Rec. 000222.

[5] 716 P.2d 150 (Colo. App. 1985).

> applicable sentencing range for Count 1 was 15 to 48 years,
> and 8 to 32 years for Count 2.  The Defendant also agreed,
> in the written plea agreement, that the court may sentence in
> the aggravated range.  Thus, Defendant waived any right to
> have a jury make factual findings regarding aggravation.[6]

Applicant appealed the trial court's denial of his Rule 35(a) motion, and the Colorado Court of Appeals affirmed the trial court's order on January 28, 2010.[7] Applicant did not file a petition for writ of certiorari in the Colorado Supreme Court, and the mandate issued on March 30, 2010.[8]

## II. LEGAL STANDARDS

This Court may review an application for writ of habeas corpus "only on the ground that [an applicant] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Before seeking a federal writ of habeas corpus, a prisoner must have exhausted all available state court remedies.[9]  The Court previously has determined in this case that Applicant has exhausted his state court remedies.[10]

If a prisoner exhausts all state court remedies, the federal habeas corpus application may be granted only if it is based on an underlying state court decision that

---

[6] Rec. 000229.

[7] Doc. Nos. 7-2, 7-4.  The Court of Appeals remanded only for purposes of the issuance of an amended mittimus indicating that Applicant is subject to discretionary parole.  Doc. No. 7-4 at 9 of 9.

[8] Doc. No. 7-5.

[9] O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also 28 U.S.C. § 2254(b)(1).

[10] See May 10, 2010, Order Drawing Case (Doc. No. 8).

(1) is "contrary to . . . clearly established Federal law, as determined by the Supreme Court," (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court," or (3) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[11]  A decision is contrary to clearly established federal law when it contradicts prior Supreme Court precedent and arrives at a conclusion that is "diametrically different" from that precedent.[12]  A decision involves an unreasonable application when it utilizes the correct legal principle but reaches an "objectively unreasonable" outcome based on the facts at issue.[13]

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."[14]  Further, on habeas review, state trial and appellate court findings of fact are afforded a presumption of correctness.[15]

---

[11] 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 404-05 (2000); see also Trice v. Ward, 196 F.3d 1151, 1159 (10th Cir. 1999).

[12] Williams, 529 U.S. at 406.

[13] Id. at 409.

[14] Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

[15] Sumner v. Mata, 455 U.S. 591, 592-93 (1982).

Because Applicant is proceeding *pro se,* the Court, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."[16]  However, the Court will not act as Applicant's advocate.[17]

### III.  ANALYSIS

Applicant's Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is comprised of two claims: (1) that the trial judge violated Applicant's constitutional due process rights by imposing an aggravated range sentence, and (2) that Applicant's convictions for kidnapping and sexual assault violate his constitutional protection against double jeopardy because the charges were not merged.[18]

####    A.    Due Process Claim Concerning Aggravated-Range Sentences

#####       1.    Sexual Assault Conviction

In Apprendi v. New Jersey, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[19]  In Blakely v. Washington, the Supreme Court clarified "that the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose *solely*

---

[16]Trackwell v. United States, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).

[17]Yang v. Archuleta, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[18]To the extent that Applicant's Traverse To Answer (Doc. No. 20), filed September 2, 2010, attempts to assert claims that Applicant's guilty plea was not knowing and voluntary, or that Applicant did not received effective assistance of trial counsel, any such claims will not be considered by the Court because they were raised for the first time in the traverse, see Loggins v. Hannigan, 2002 WL 1980469 (10th Cir. Aug. 28, 2002), and, further, any such claims were not exhausted in state court.

[19]530 U.S. 466, 490 (2000).

*on the basis of the facts reflected in the jury verdict or admitted by the defendant.*"[20]  As the Colorado Court of Appeals explained on Applicant's state court appeal,[21] the sentence imposed for Applicant's sexual assault conviction was not an aggravated-range sentence.  Applicant pleaded guilty to first degree sexual assault resulting in serious bodily injury, which is a per se crime of violence.  The statutory penalty range therefore was 16 to 48 years, without any requirement of further factual findings.[22]  Thus, as the Colorado Court of Appeals explained, the sentence on the sexual assault conviction does not implicate the principles set forth in <u>Apprendi v. New Jersey</u>[23] and <u>Blakely v. Washington</u>[24] concerning the determination of aggravating factors.  Applicant's claim of a due process violation with respect to his sexual assault sentence fails.

### 2.    Kidnapping Conviction

As noted by the Colorado Court of Appeals, Applicant stipulated in his plea agreement to aggravated-range sentencing for the kidnapping conviction,[25] and

---

[20] 542 U.S. 296, 303 (2004) (emphasis in original).

[21] <u>See</u> Doc. No. 7-4 at 4 of 9.

[22] <u>See</u> Colo. Rev. Stat. §§ 18-1.3-401(1)(a)(V)(A), (6), (8)(a0(I), 18-1.3-406, 18-3-402(5)(b)(I), (II).

[23] 530 U.S. 466 (2000).

[24] 542 U.S. 296 (2004).

[25] Rec. 000189 ¶ 14(b); <u>see</u> <u>also</u> <u>People v. Shepherd</u>, 98 P.3d 905, 906 (Colo. App. 2004) ("where, as here, the defendant stipulates to a sentence in the aggravated range as part of a plea agreement, the defendant is also stipulating that sufficient facts exist to warrant an aggravated sentence, and the trial court need not make additional findings on the record.").

expressly waived his right to a jury determination of aggravating factors.[26]  Applicant thus waived his <u>Apprendi</u> rights in his plea agreement.[27]  Applicant has failed to establish a due process violation with respect to his sentencing on the kidnapping conviction.

      **B.**    **Double Jeopardy**

Appellant contends that his convictions for kidnapping and sexual assault violate the Fifth Amendment's protections against double jeopardy because the charges were not merged.  Among other protections, the Double Jeopardy Clause "protects against multiple punishments for the same offense."[28]  This protection "is designed to ensure that the sentencing discretion of courts is confined to the limits established by the legislature.  Because the substantive power to prescribe crimes and determine punishments is vested with the legislature, the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent."[29]

Addressing the issues of merger and consecutive sentencing, the Colorado Court of Appeals noted that under Colo. Rev. Stat. § 18-1.3-406(1)(a), a defendant "'convicted of two or more separate crimes of violence shall be sentenced for such crimes so that sentences are served consecutively rather than concurrently.'  Crimes are 'separate' if

---

[26]Rec. 000189 ¶ 14(b).

[27]See <u>Blakely</u>, 542 U.S. at 310 ("nothing prevents a defendant from waiving his <u>Apprendi</u> rights.").

[28]<u>Ohio v. Johnson</u>, 467 U.S. 493, 498 (1984) (internal quotations and citation omitted).

[29]<u>Id.</u> (internal citations omitted).

they are not supported by identical evidence. People v. Martinez, 1 P.3d 192, 194-95 (Colo. App. 1999)."[30]  The Court held that, "[h]ere, the district court properly concluded that, although the convictions arose from the same series of acts, they were not based on identical facts."[31]  Although Applicant's double jeopardy claim presents a federal question, it is a question that turns on the state court's interpretation of state law.  On habeas review, this Court cannot reexamine state-court determinations on state-law questions.[32]  Accordingly, Applicant's double jeopardy claim is not cognizable in this habeas case.

Accordingly, for the reasons set forth above, it is

ORDERED that Applicant's March 26, 2010, Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 3) is denied and this civil action hereby is dismissed with prejudice, the parties to pay their own costs and attorney's fees.  It is

FURTHER ORDERED that a certificate of appealability should not issue because Applicant has not made a substantial showing of the denial of a constitutional right.  "A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Applicant is not entitled to a certificate of appealability.  It is

---

[30] Doc. No. 7-4 at 7 of 9.

[31] Id.

[32] See Estelle, 502 U.S. at 67-68.

FURTHER ORDERED that a separate Judgment shall issue pursuant to Fed. R. Civ. P. 58.

DATED at Denver, Colorado, this 22nd day of March, 2011.

BY THE COURT:

_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court